**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

**PLAINTIFF: CLINTON J SMITH**

**VS.**

**DEFENDANTS: STATE OF NEBRASKA, COUNTY OF DUNDY BOARD OF COMMISSIONERS, DUNDY COUNTY ATTORNEY, DUNDY COUNTY CLERK, SCOTT OLSON, Individually and in his official Capacity, AARON KEISER, Individually and in his official capacity, TOM RICHARDS, Individually and in his official capacity, MILES PRESTON, Individually and in his official capacity NEBRASKA LAW ENFORCEMENT TRAINING CENTER, NEBRASKA POLICE STANDARDS ADVISORY COUNCIL, JERRY FRIES, LESTER BEALL, ED BORCHARD**

**CASE# 4:23-CV-03211**

**AMENDMENT OF COMPLAINT FOR VIOLATION OF RIGHTS PROTECTED BY THE UNITED STATES CONSTITUTION AND THE CONSTITUTION OF THE STATE OF NEBRASKA, WHILE ACTING UNDER COLOR OF LAW, IMMEDIATE INJUNCTION AND RELIEF, ACTUAL AND PUNITIVE DAMAGES, ENJOINING OF CASES**

---

**PARTIES:**

1. COMES NOW, Clinton J. Smith, "Plaintiff" Elected Sheriff and current resident of Dundy County, Nebraska. Sworn by oath, duty, and position to uphold and defend the Constitutions of the United States and the State of Nebraska. And is a person who is subject to violations and damages seized by government officers operating under color of law in their official capacities and in concert with each other using Nebraska Revised Statutes "Neb. Rev. Stat." and in violation of the Constitutions of the United States and the State of Nebraska.

2. DEFENDANT-STATE OF NEBRASKA, "State" is in relation to the Neb. Rev. Stat. so written and passed by a vote of the Legislature and created into State Law.

3. DEFENDANT-DUNDY COUNTY BOARD OF COMMISSIONERS, "Board" is responsible for the management of the county budgets (to include the management of county payroll), county resolutions, addressing county business and concerns in regard to budgets and county road maintenance. And is created of the members; Scott Olson as chairman, Aaron Keiser as board member, Tom Richards as board member. All of whom participate and vote on all such county business for the County of Dundy in the State of Nebraska.

4. DEFENDANT-COUNTY ATTORNEY OF DUNDY COUNTY, "Counsel" is an elected position of the government of Dundy County, Nebraska. Counsel is responsible for the legal advisement of the Board and all other County Offices. Arlan Wine is the official of the the Dundy County Attorney Office.

5. DEFENDANT-COUNTY CLERK, "Clerk" is responsible for the keeping of minutes of all Board meetings, filing of all documents pertaining to the Board, county records, deeds, and payroll. Clerk is the member of the government of Dundy County who processes and pays salaries of all county officials and employees. Clerk is also charged with the duties of Election Clerk and District Court Clerk for Dundy County, Nebraska.

6. DEFENDANT-NEBRASKA LAW ENFORCEMENT TRAINING CENTER, "NLETC" is incorporated in Hall County, Nebraska, created by statute, and is responsible for the training and certification fo law enforcement officers of the State of Nebraska.

7. DEFENDANT-POLICE STANDARDS ADVISORY COUNCIL, "PSAC" is a special committee of the Crime Commission and acts for the Commission in all matters relating to law enforcement training and the training center. The PSAC oversees all training schools and training academies and the operation of the training center, as well as ensuring that all rules, regulations, and policies with respect to pre-certification,

certification, continuing education, and training requirements are implemented. The PSAC also plays a role in the revocation process for law enforcement certifications.

8. DEFENDANT-SCOTT OLSON, "Olson" is an individual resident of Dundy County, Nebraska. Sworn by duty, oath, and position to uphold and defend the Constitutions of the United States and the State of Nebraska.

9. DEFENDANT-AARON KEISER, "Keiser" is an individual resident of Dundy County, Nebraska. Sworn by duty, oath, and position to uphold and defend the Constitutions of the United States and the State of Nebraska.

10. DEFENDANT-TOM RICHARDS, "Richards" is an individual resident of Dundy County, Nebraska. Sworn by duty, oath, and position to uphold and defend the Constitutions of the United States and the State of Nebraska.

11. DEFENDANT-ARLAN WINE, "Wine" is an individual resident of Chase County, Nebraska and the elected County Attorney who place of business as an elected official is located within Dundy County, Nebraska. Wine is sworn by duty, oath, and position to uphold and defend the Constitutions of the United States and the State of Nebraska.

12. DEFENDANT-MILES PRESTON, "Preston" is an individual resident of Dundy County, Nebraska and is sworn by oath, duty, and position to uphold and defend the Constitutions of the United States and the State of Nebraska.

13. DEFENDANT-JERRY FRIES, "Fries" is an individual resident of Dundy County, Nebraska and is the requesting party and primary circulator of the recall petition against Plaintiff for his official capacity as Sheriff

14. DEFENDANT-LESTER BEALL, "Beall" is an individual resident of Dundy County, Nebraska and is a calculator of the recall petition against the Plaintiff for his official capacity as Sheriff.

15. DEFENDANT-ED BORCHARD, "Borchard" is an individual resident of Dundy County, Nebraska and is a circulator of the recall petition against the Plaintiff for his official capacity as Sheriff.

**JURISDICTION AND VENUE**

16. This Court has subject matter jurisdiction over this matter pursuant to 42 USC 1983. Under 28 USC 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.

**Basis for Federal Jurisdiction is correct as these claims are brough under:**

17. 42 USC 1983 as violations of the 14th Amendment of the United States; 5th Amendment of the United States; Article XI Paragraph 2 of the United States have occurred, as well as other State Constitutional violations and statutes.

**Statement of Facts**

18. The 5th Amendment of the United States Constitution was added in 1791

19. The 8th Amendment of the United States Constitution was added in 1791

20. The 14th Amendment of the United States Constitution was added in 1868

21. Article XI Paragraph 2 was added to the United States Constitution in 1787

22. Article III of the Nebraska Constitution was written in 1875 and last amended in 1965 of which included Sections 18 and 19

23. Article I Section 3 of the Nebraska Constitution was written in 1875 and last amended in 1998

24. Nebraska Legislature passed Legislative Bill "LB" 628-1, now known as Neb. Rev. Stat. 23-1701.01 in 1980. In 2021 LB-51 was added to establish the requirements for entry into the NLETC for all law enforcement officers in the State of Nebraska.

25. Neb. Rev. Stat. 32-1302 became effective in 1994 and was amended in 1997

26. Plaintiff attended and completed the Pueblo Law Enforcement Academy in Pueblo Colorado in 2013

27. Plaintiff received Colorado Peace Officer Standardized Training "POST" certification in 2014 after successfully completing all examinations.

28. Plaintiff was employed as a detentions deputy as well as reserve deputy for a Sheriff in Colorado in 2013 and 2014

29. Plaintiff attended the required prerequisites of Neb. Rev. Stat. 23-1701.01 at the NLETC in February 2022 to complete a FBI background check and Test of Adult Basic Education "TABE" to qualify to be placed on the ballot for the position of Sheriff of Dundy County, Nebraska.

30. Plaintiff was placed on the election ballot 7 February, 2022 after receiving his letter of approval from NLETC

31. Plaintiff won the Primary Election in May 2022, against now former Chief Deputy of Dundy County, John Carter

32. Current Chief Deputy, Interim-Sheriff Ryan King was entered on the ballot for general election as a write-in candidate in August 2022

33. Plaintiff won the General Election against write-in candidate in November 2022 and became Sheriff-Elect of Dundy County, Nebraska.

34. Plaintiff swore his Oath of Office on 5 January, 2023 at the Dundy County Courthouse officially declaring him Sheriff of Dundy County, Nebraska. Elected head of his office

35. February 2023 Plaintiff submitted his packet to the NLETC for background investigation and admittance into the NLETC on a reciprocity basis per Neb. Rev. Stat. 23-1701.01

36. March 2023 Plaintiff did attend an in-person background investigation interview at the NLETC

37. 3 April, 2023 Plaintiff received notice he was accepted into the NLETC with the only stipulation of a physical fitness test

38. 10 April, 2023 Plaintiff attended the physical exam at the NLETC

39. 11 April, 2023 Plaintiff received notice he did not pass the fitness test. Plaintiff immediately communicated with, now former director of NLETC, Brenda Urbanik and requested a hearing for a waiver of extension to retry the test. Urbanik informed Plaintiff he could attend the hearing on 19 April, 2023 to request the waiver for extension.

40. Before 19 April, Plaintiff received notice from Urbanik he would be rescheduled for the 17 May, 2023 PSAC hearing. Plaintiff responded and confirmed the appointment change with Urbanik.

41. Before 17 May, Plaintiff was again contacted by Urbanik and informed his request would be moved to 21 June, as more pressing matters had arisen. Plaintiff promptly responded and confirmed receipt of the message.

42. 2 June, 2023 Urbanik officially began early retirement from the NLETC

43. 5 June, 2023 Mark Stephenson became Interim Director of NLETC and signed a letter of denial to Plaintiff the same day.

44. 6 June through 9 June, 2023 Plaintiff was out of office for training hosted by Dundy County Sheriff Office

45. 8 June, 2023 Clerk signed for receipt of the certified envelope containing the denial letter from NLETC to Plaintiff. Clerk messaged Plaintiff and informed him there was a certified letter. Plaintiff requested Clerk to leave it with the Communications Center staff as he would not be able to come in during courthouse hours due to being out of the office for training. Upon return to the courthouse that evening there was no letter with the Communications Center.

46. 12 June, 2023 Plaintiff received certified letter from Clerk during the handing out of mail to all offices. Plaintiff upon reading the denial was made aware this was his last day to notify of an appeal. Due to the lacking description of the nature of the denial, Plaintiff could not write an effective appeal to respond, nor had time to return mail.

47. 22 June, 2023 Plaintiff received a certified letter from the NLETC the denial would stand and Plaintiff could attend the ''good cause'' hearing at the PSAC meeting on 20 September, 2023 if he chose.

48. 14 July, 2023 Fries requested recall petitions for the Plaintiff's position as Sheriff with the stated reason for recall as; "Said he was certified in Colorado. He was not. Never was. Is denied entry into the NLETC. Therefore he cannot be certified."

49. 22 August, 2023 a meeting occurred between Olson and Wine and a female attendee where Wine and Olson discussed the issue of seizing the salary of the Plaintiff as a fine.

50. 1 September, 2023 Clerk did not process salary of Plaintiff for payroll deposits

51. 5 September, 2023 Board voted in their regular Board meeting to not pay the salary to the Plaintiff for the pay period.

52. 7 September, 2023 Fries returned recall petitions to Clerk with sufficient signatures for recall election.

53. 18 September, 2023 Board denied payroll claim request of Plaintiff for his salary for the current pay period.

54. 19 September, 2023 Plaintiff traveled to Grand Island, Nebraska to be present for the PSAC meeting the following morning. Before the end of the day, the PSAC, Nebraska Attorney General's Office, and NLETC had agreed to give more time to prepare for the hearing and reschedule for 25 October, 2023

55. 21 September, 2023 in Special Meeting of the Board, the Board voted to set the date of the recall election for 14 November, 2023

56. 29 September, 2023 Clerk did not process salary of Plaintiff for payroll deposits

57. 2 October, 2023 Board voted to seize salary of Plaintiff for month of October as a fine for failure to comply with Neb. Rev. Stat. 23-1701.01

58. 16 October, 2023 Board voted to seize salary of Plaintiff as was requested by his claim for payment.

59. 25 October, 2023 Plaintiff attended the PSAC meeting and hearing of "good cause" at the NLETC of Grand Island, Nebraska. PSAC voted to uphold the denial of the NLETC in their administrative hearing. This decision was based on allegations which were used by NLETC staff to make their determination fo allegations against Plaintiff.

60. 6 November, 2023 Board voted to pay the salary of Plaintiff to the State as a fine and to do for pay periods falling within the month of November as well.

61. 14 November, 2023 Plaintiff was removed from office through the completion of the recall election and its results. This removal was based nearly completely on the decision of the NLETC and PSAC.

62. Since June, 2023 Plaintiff has been the subject of front page news stories and broadcasts throughout the State defaming and humiliating Plaintiff on a weekly basis due to the actions and allegations of the Board, Counsel, NLETC, PSAC, and Does known and unknown at this time to the Plaintiff.

**FIRST CAUSE OF ACTION**

**Deprivation of Due Process**

**42 USC 1983 (14th Amendment)**

63. Plaintiff incorporates the allegations contained in the preceding paragraphs 49 through 53, 56 through 58, and 60 as set forth in full herein. As the actions of the Board, Clerk, and Counsel were in violation of the 14th Amendment of the United States as it reads: All persons born or naturalized in the United States, and subject to the jurisdiction thereof, aer citizens of the United States and of the State wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

64. The Board, Clerk, and Counsel did work in concert and individually with the NLETC by use of their official capacities of the County and State. And by using the Color of Law as is written into Neb. Rev. Stat. 23-1701.01(4) Unless a Sheriff is able to show good cause for not complying with the subsection (2) or (3) of this section or obtains a waiver of the

training requirements from the council, any Sheriff who violates subsection (2) or (3) of this section shall be punished by a fine of equal to such Sheriff's monthly salary. Each month in which such violation occurs shall constitute a separate offense. This statute allows for no due process, rights to appeal, or order of a warrant from the Courts to seize the property of an individual and deprive them of their Liberties.

65. Each of the defendants knew or should have known of such a violation to the Constitution of the United States. As all defendants who participated have swore to the required oath to uphold and defend the Constitution of the United States as is required by their position as officers of the government.

**SECOND CAUSE OF ACTION**

**Deprivation of Due Process Count 2**

**42 USC 1983 (14th Amendment)**

66. Plaintiff incorporates the allegations contained in the preceding paragraphs 35 through 47, 52, 54, 55, 59, and 61. As the actions of the NLETC, PSAC, Board, Counsel, Clerk, Fries, Beall, Borchard were in violation of the 14th Amendment of the United States as it reads: All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

67. The NLETC, PSAC, Board, Counsel, Clerk, Fries, Beall, Borchard collectively worked in concert and individually and through Color of Law under Neb. Rev. Stat. 32-1302 to deprive Plaintiff of due process through a recall, which has no basis on facts or any such evidence to exceed mere allegations. Done so by virtue of arbitrary and capricious delays by the NLETC and PSAC collectively. In failing to provide a sufficient and expedient form of due process before Plaintiff had reached the limitations brought forth in Neb.

Rev. Stat. 23-1701.01, leaving Plaintiff subject to the actions of the recall. Which in and of itself is a violation of due process and denies Plaintiff of his Liberty of fulfilling the term of his office. And has caused irreparable and humiliating damages to the Plaintiff through the removal of an elected official without just cause. As Neb. Rev. Stat. reads; Any elected official of a political subdivision and any elected member of the governing bodies of cities, villages, counties, irrigation districts, natural resource districts, public power districts, school districts, community college areas, educational service units, hospital districts, and metropolitan utilities may be removed from office by recall. Therefore this statute gives no direction or instruction as to why, or how this action may be defended and allows for no due process for the victims of allegations. While depriving those subject to it of the Liberties and in effect property as it also removes their salary if any which comes from their positions. With no legal requirement for a reason of recall, there is nothing defensible to allow a due process before a conviction by way of removal by peers.

**THIRD CAUSE OF ACTION**

**Violation of Rights**

**42 USC 1983 (5th Amendment)**

68. Plaintiff incorporates the allegations contained in the preceding paragraphs 49 through 53, 56 through 58, and 60 as set forth in full herein. As the actions of the Board, Clerk, and Counsel were in violation of the 5th Amendment of the United States as it reads: No person shall be held to answer for a capital, or otherwise infamous crime, unless upon a presentment or indictment of a Grand Jury…nor shall be deprived of Live, Liberty, or Property without due process of law; nor shall private property be taken for public use, without just compensation.

69. The Board, Clerk, and Counsel did work in concert and individually by use of their official capacities as government officials of the County and State. And by using the Color of Law as is written into Neb. Rev. Stat. 23-1701.01(4) to seize the entire salary of the Plaintiff to be paid to the State and placed in the Public School Fund every month.

AS well as the entry of the allegations of guilt without due process and protections guaranteed by the Constitution of the United States.

70. Each of these defendants knew or should have known of such violations to the Constitution of the United States. As all of the defendants who participated have swore to the required oath of their offices to uphold and defend the Constitution of the United States as is required by their duty and position.

**FOURTH CAUSE OF ACTION**

**Violation of Rights**

**42 USC 1983 (8th Amendment)**

71. Plaintiff incorporates the allegations contained in the preceding paragraphs 49 through 53, 56 through 58, and 60 as set forth in full herein. As the actions of the Board, Clerk, and Counsel were in violation of the 8th Amendment of the United States as it reads; …., nor excessive fines imposed, nor cruel and unusual punishments inflicted.

72. The Board, Counsel, and Clerk did work in concert and individually by use of their official capacities as government officials of the County and State. And by using the Color of Law as in written into Neb. Rev. Stat. 23-1701.01(4) to impose excessive fines upon Plaintiff in the form of seizing his entire salary each month. Such excessive fines are also cruel and unusual as it creates an undue hardship upon Plaintiff to support his family, provide for the basic needs of life for himself and his household, and applies a significant hardship in having the ability to find sufficient counsel to represent him in this matter.

73. Each of the defendants knew or should have known of such a violation to the Constitution of the United States. As all of the defendants who participated have swore to the required oath to uphold and defend the Constitution of the United States as is required by their duty and position.

**FIFTH CAUSE OF ACTION**

**Violation of Nebraska Constitution**

**42 USC 1983 (Nebraska Article I Section 3)**

74. Plaintiff incorporates the allegations contained in the preceding paragraphs 35 through 61 as set forth in full herein. As the actions of the NLETC, PSAC, Board, Clerk, and Counsel were in violation of Article I Section 3 of the Nebraska Constitution, as it reads: No person shall be deprived of Life, Liberty, or Property without due process of law, or be denied equal protections under the laws.

75. The NLETC, PSAC, Board, Clerk, and Counsel did act in concert and individually while using the statutes, Neb. Rev. Stat. 23-1701.01, and powers of their government authority to deprive the Plaintiff of his due process as it is under the Nebraska Constitution. By means of delaying the Plaintiff the ability of his defense to be heard, by arbitrarily and capriciously delaying until such time as Plaintiff was in violation of state statute resulting in the seizure of Plaintiff's salary without due process.

76. Each of the defendants knew or should have known of such a violation to the Nebraska Constitution. As all of the defendants who participated have swore to the required oath to uphold and defend the Constitution of the State of Nebraska as is required by their duty and position.

**SIXTH CAUSE OF ACTION**

**Violation of Nebraska Constitution**

**42 USC 1983 (Nebraska Article III Section 19 Paragraph 2)**

77. Plaintiff incorporates the allegations contained in the preceding paragraphs 49 through 53, 56 through 58, and 60 as set forth in full herein. As the actions of the Board, Clerk, and Counsel were in violation of Article III Section 19 Paragraph 2 of the Nebraska Constitution as it reads; The compensation of any public officer, including any officer

whose compensation is fixed by the Legislature; shall not be increased or diminished during his or her term of office.

78. The Board, Clerk, and Counsel did work in concert and individually by use of their official capacities as government officials of the County and State. And by using the Color of Law as is written into Neb. Rev. Stat. 23-1701.01(4) as it does in fact diminish the salary of the Elected Sheriff substantially and completely.

79. Each of the defendants knew or should have known of such a violation to the Constitution of the State of Nebraska. As all of the defendants who participated have swore to the required oath to uphold and defend the Constitution of the State of Nebraska as is required by their duty and position.

**SEVENTH CAUSE OF ACTION**

**Violation of Nebraska Constitution**

**42 USC 1983 (Article III Section 18)**

80. Plaintiff incorporates the allegations in the preceding paragraphs 35 through 47, 52, 54, 55, 59, and 61 as set forth in full herein. As the actions of the State, NLETC, PSAC, Board, Clerk, and Counsel are in violation of Article III Section 18 of the Nebraska Constitution as it reads: The Legislature shall not pass local or special laws in any of the following cases, that is to say: Regulating County and Township offices.

81. The NLETC, PSAC, Board, Clerk, Counsel did work in concert and individually by use of their official capacities as government officials of the County and State. And by using the Color of Law as is written in Neb. Rev. Stat. 23-1701.01(2) Each Sheriff shall attend the NLETC and receive a certificate attesting to satisfactory completion of the Sheriff's Certification Training Course within 8 months after taking office unless such Sheriff has already been awarded a certificate by the Nebraska Commission on Law Enforcement and Criminal Justice attesting to satisfactory completion of such course or unless such

Sheriff can demonstrate to the Nebraska PSAC that his or her previous training and education is such that he or she will professionally discharge the duties of the office. Any sheriff in office prior to July 19, 1980, shall not be required to obtain a certificate attesting to satisfactory completion of the Sheriff's Certification Course but shall otherwise be subject to this section; does enforce upon Plaintiff a statute which regulates a local office and is special to the office of the Sheriff which is intended to regulate the County Office of Sheriff through statutes written by Legislation. Up to and including not only who may be elected to the Office of Sheriff, but who may retain their position once elected. Thus, causing the Plaintiff to fall in violation of subsection (4) of this statute by delaying the compliance by the Plaintiff until such time arrived as to which he was in violation and subject to the aforementioned penalties of of Plaintiff's other protections provided by both the United States and Nebraska State Constitutions.

82. Each of the defendants knew or should have known of such a violation to the Constitution of the State of Nebraska. As all of the defendants who participated have swore to the required oath to uphold and defend the Constitution of the State of Nebraska.

**EIGHTH CAUSE OF ACTION**

**Violation of Nebraska Constitution**

**42 USC 1983 (Article III Section 18)**

83. Plaintiff incorporates the allegations contained in the preceding paragraphs 35 through 47, 52, 54, 55, 59, and 61 as set forth in full herein. As the actions of the Board, Clerk, and Counsel were in violation of Article III Section 18 of the Nebraska Constitution as it reads: The Legislature shall not pass local or special laws in any of the following cases, that is to say; Regulating County and Township offices.

84. The State, NLETC, PSAC, Board, Counsel, and Clerk did work in concert and individually by use of their official capacities as government officials of the County and State. And by using the Color of the Law as is written in Neb. Rev. Stat. 32-1302 by

virtue of delays of the State, NLETC, and PSAC to allow Plaintiff to comply through their arbitrary and capricious acts of delay creating the usage of Neb. Rev. Stat. 32-1302 is as written: any elected official of a political subdivision, and any elected member of the governing bodies of cities, villages, counties, ......, may be removed from office by recall. Therefore Legislation specifically writing and creating a law which directly, and in its own writing, regulates county and township offices. Therefore Neb. Rev. Stat. 32-1302 is in violation of the Nebraska Constitution.

85. Each of the defendants knew or should have known of such a violation to the Constitution of the State of Nebraska as all of the defendants who participated under authority of their offices and within Neb. Rev. Stat. have swore the required oath to uphold and defend the Constitution of the State of Nebraska as is required by their duty and position.

## NINTH CAUSE OF ACTION

## Immediate Injunctive Relief

86. Plaintiff is informed and believes and thereon alleges that defendants will continue to deprive Plaintiff of his constitutional protections of property and liberty and create irreparable statements to defame the character of the Plaintiff as a person and elected official. Plaintiff has an interest in liberty as an elected Sheriff and was entitled to have these matters decided prior to the expiration of 8 months per Neb. Rev. Stat. Plaintiff has also been recalled from his position as Sheriff and received more damages in his loss of Liberty entitled to him. Without immediate relief and injunction to halt such further actions and restore the liberties and property of the Plaintiff, he will be denied justice.

87. Unless the court intervenes and issues:

A. A temporary restraining order enjoining the conduct of the recall election, with the suit violations against constitutional protections. As the recall based on false Information and the arbitrary and capricious delays by the State agencies will

Injunction by this Court to issue a temporary order to return to return Plaintiff to his elected position until such time as these proceedings can be heard and Decided.

B. compelling immediate return of all funds that were to be paid to the Plaintiff which were taken as fines, and interest on all such money withheld and reinstate any and all benefits Plaintiff would have enjoyed had no actions been taken.

C. temporarily restraining and enjoining the State and its agencies from taking action to preclude certification of Plaintiff, or Plaintiff's ability to fully perform the duties of his position.

D. temporary injunction to restore Plaintiff to his position as Sheriff until such time as suit is declared and ordered. As is the recall violates the Constitutional protections granted Plaintiff.

E. awarding such other and further relief as is equitable and just.

**WHEREFORE,** Plaintiff prays as follows: under 42 USC 1983, and the federal declaratory judgment act 28 USC sec. 151:

A. A declaratory judgment seeking a declaration that the State agencies have violated Plaintiff's rights under the 14th Amendment by arbitrarily and capriciously delaying certification resulting in Plaintiff falling out of compliance with statute.

B. A declaratory judgment seeking a declaration that the Board, and Counsel violated the rights of the Plaintiff under the 14th Amendment by failing to provide Plaintiff with due process prior to seizing salary as a fine.

C. Declaring an entitlement to back pay, including reinstatement of all benefits Plaintiff would have enjoyed had no action been taken, as well as interest.

D. Permanent declaratory injunction for Plaintiff to remain at his position as elected Sheriff to enjoy the full term he was elected to serve as the recall violates the constitution.

E. Declaratory judgment of recall elections to violate the 14th Amendment due process rights and applicable State Constitution violations

F. Permanently enjoining and restraining the State and State Agencies to include the PSAC and NLETC from interfering with the Plaintiff's duties as an elected Sheriff of Dundy County

G. Permanently affirmatively enjoining the NLETC to grant a waiver based on previous training and certifications.

H. Permanently restraining and enjoining Board from retaining salary of public employees as a fine without due process.

I. Court finds cause in each of the Causes Of Action listed herein to issue the following findings:

J. Permanent injunction preventing the recall election based on the aforementioned causes

K. Permanent injunction preventing the Board from fining Plaintiff for non-certificaiton

L. Permanent injunction preventing any and all retaliation from any of the defendants upon Plaintiff, his staff, or his family

M. Permanent affirmative injunction compelling the NLETC to provide Plaintiff with a waiver of training requirements as Plaintiff has already satisfied the requirements with certification in Colorado, and the delays by the NLETC causing the non-compliance with statutes

N. Awarding compensatory damages to Plaintiff

O. Awarding punitive damages to Plaintiff upon the head of the NLETC, PSAC, Board of Dundy County, Counsel for Dundy County, Clerk of Dundy County, Scott Olson, Aaron Keiser, Tom Richards, Arlan Wine, Miles Preston

P. Awarding all costs of suit including reasonable attorney fees as applicable

Q. Awarding interest as is applicable and allowable by law

R. Declaring Neb. Rev. Stat. 23-1701.01 as well as 32-1302 are in violation of the United States Constitution as well as Nebraska State Constitution and shall be stricken from statutes.

S. Awarding such other and further relief as my be equitable and just.

Clinton J. Smith, Plaintiff

X________________________________

Clinton J. Smith, Pro Se
313 Buffalo Street
Benkelman, Ne 69021
(970)630-7958
cjoesmith2014@gmail.com