# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **PLAINTIFF: CLINTON J SMITH** | ) | |
| | ) | **CASE# 4:23-CV-03211** |
| **VS.** | ) | |
| | ) | **ORDER TO SHOW CAUSE** |
| **DEFENDANTS: STATE OF** | ) | |
| **NEBRASKA, NEBRASKA LAW** | ) | |
| **ENFORCEMENT TRAINING** | ) | |
| **CENTER, POLICE STANDARDS** | ) | |
| **ADVISORY COUNCIL** | ) | |

---

COMES NOW, Clinton J Smith, Plaintiff of Benkelman in Dundy County, Nebraska, MAKE

OATH AND SAY THAT:

1. Plaintiff was certified as a peace officer in the State of Colorado with 672 hours of
   documented training in March 2014. Which does exceed the required amount of training
   hours for the State of Nebraska.

2. Plaintiff did pass a FBI background check and Test of Adult Basic Education prior to
   being listed on the ballot for Sheriff of Dundy County as to comply with Neb. Rev. Stat.
   23-1701.01(1)(a), (b)

3. Plaintiff did win the Primary and General Elections of Dundy County Sheriff in 2022.
   Contested in both elections by certified and employed law enforcement officers.

4b31fd6b6439dda7

4.  Plaintiff did swear to the oath of Office of Sheriff of Dundy County, Nebraska on January 5, 2023 in compliance with Nebraska Article XVII-5 of the State Constitution

5.  Plaintiff did attend the background investigation at the NLETC in person as per Neb. Rev. Stat. 23-1701.01(2)

6.  Plaintiff was accepted into the NLETC on April 3, 2023 on the single condition of a satisfactory physical fitness test and received documentation from former NLETC director Urbanik to confirm

7.  Plaintiff did attend and participate in the Physical Readiness Entrance Test "PRET" on April 10, 2023 per documentation received by Plaintiff from Urbanik

8.  Plaintiff was notified on April 11, 2023 of failure to satisfactorily pass the PRET and requested a hearing for waiver of extension from PSAC on the same day via email communications with Urbanik

9.  Plaintiff was scheduled and planned to attend the hearing for a waiver 3 consecutive months and each month was rescheduled by NLETC per Urbanik stating "something more pressing presented itself.".  These were arbitrarily and capriciously done to delay proceedings forcing the 8 month time limit to expire.

10. On June 2 former director of NLETC Brenda Urbanik entered early retirement

11. On June 5 interim-director of NLETC Mark Stephenson started his direction of the
NLETC and signed a denial of Plaintiff for entry into the NLETC based on broad
accusations and information from his background interview. Of which no further
investigation had been done since March as shown in the packet of information sent to
Plaintiff to prepare for hearing with a date signed March 9, and March 19 by background
investigator for NLETC.

12. On June 22 interim-director Stephenson signed a letter stating the denial was final and
Plaintiff could attend the "good cause" hearing scheduled for September 20 of which
requests for detailed information to be used for defense was refused multiple times in
requests from Plaintiff to be able to defend himself against the accusations. Violations of
the 5th and 14th Amendments United States Constitution and Article I Section 3 of the
Nebraska Constitution until ordered to do so by the Attorney General Office with lengthy
delays on the part of the NLETC.

13. On September 19 it was decided to postpone the hearing until October 25 per request
from Nebraska Attorney General Office. So they may be able to prepare for the hearing
as well.

14. On October 25 Plaintiff did attend the PSAC "good cause" hearing where the panel
decided the decision by the academy would stand. A violation of Article III Section 18
of the Constitution of Nebraska as Legislation cannot regulate County or Township

offices. As the head of a County Office, a Sheriff may have no regulations placed on their position by Legislation.

CLINTON J SMITH, PLAINTIFF, Pro Se

X _____