# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PLAINTIFF: CLINTON J SMITH ) | |
| ) | CASE# 4:23-CV-03211 |
| VS. ) | |
| ) | ORDER TO SHOW CAUSE |
| DEFENDANTS: STATE OF ) | |
| NEBRASKA, DUNDY COUNTY BOARD) | |
| OF COMMISSIONERS, DUNDY ) | |
| COUNTY CLERK, DUNDY COUNTY ) | |
| ATTORNEY, SCOTT OLSON, ) | |
| AARON KEISER, TOM RICHARDS, ) | |
| MILES PRESTON, ARLAN WINE ) | |

---

COMES NOW, Clinton J Smith, Plaintiff of Benkelman in Dundy County, Nebraska, MAKE OATH AND SAY THAT:

1. On September 1, 2023 Clerk did not process salary of Plaintiff to be deposited into Plaintiff's account. This action was taken 4 days prior to the Board meeting held on September 5, of which Board Members, under direction of Counsel Arlan Wine, did vote unanimously to seize the salary of Plaintiff as a fine per Neb. Rev. Stat. 23-1701.01(4). Of which Wine stated, the constitution does not hold over statute unless someone challenges it in court. Even though all parties involved had taken an oath to uphold and defend the Constitutions of the United States and the State of Nebraska prior to assuming their official positions. Scott Olson as Board Chairman, Aaron Keiser as Board Member, and Tom Richards as Board Member did pass votes on this matter. A violation of the 8th

and 14th Amendments of the United States Constitution, Article I Section 3 and Article III Section 19 Paragraph 2 of the Nebraska Constitution.

2. On September 15, September 29, October 13 and November 3 these actions again took place in the same manner preceding Board meetings of September 18, October 2, October 16, and November 6 where payroll would have been deposited into Plaintiff's account had no action taken place. Even though all parties involved had taken an oath to uphold and defend the Constitutions of the United States and the State of Nebraska prior to assuming their official positions. Scott Olson as Board Chairman, Aaron Keiser as Board Member, and Tom Richards as Board Member did pass votes on this matter. A violation of the 8th and 14th Amendments of the United States Constitution, Article I Section 3 and Article III Section 19 Paragraph 2 of the Nebraska Constitution.

3. On September 21, Board, Clerk, and Counsel did hold a Special Meeting to set the date for the recall election. This meeting was in violation of state statutes which govern the posting of public notices and the Open Meetings Act outlined in Neb. Rev. Stat. 84-1412(8) even though the statute of 32-1302 which outlines a recall election and who is eligible for recall is a violation of the 14th Amendment of the United States Constitution as well as Article I Section 3 and Article III Section 18 of the Nebraska State Constitution.

4. On November 14, Clerk as Election Clerk did hold the election count on mail in ballots of the recall. The election did remove the Plaintiff from office. This election is a

violation of the 14th Amendment of the United States and Article I Section 3 of the Nebraska Constitution protections of due process. And Article III Section 18 of the Nebraska Constitution as it is written to only allow for the recall of County, Township, and Municipal Offices. As Article III Section 18 bans Legislation which regulates County and Township Offices. And was the result of the arbitrary and capricious actions of the NLETC and PSAC to delay until Plaintiff was in violation of statute.

CLINTON J SMITH, PLAINTIFF, Pro Se

X_____